# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| EHT US1, Inc., *et al.*, | : | Bankruptcy Case No. 21-10036 (CSS) |
| Debtor. | : | |
| _____ | : | |
| HOWARD WU, *et al.*, | : | |
| Appellants, | : | |
| v. | : | C.A. No. 21-1413-MN |
| EHT US1, Inc., *et al.*, | : | Bankr. BAP No. 21-68 |
| Appellees. | : | |
| _____ | : | |
| HOWARD WU, *et al.*, | : | |
| Appellants, | : | |
| v. | : | C.A. No. 21-1414-MN |
| EHT US1, Inc., *et al.*, | : | Bankr. BAP No. 21-69 |
| Appellees. | : | |
| _____ | : | |
| HOWARD WU, *et al.*, | : | |
| Appellants, | : | |
| v. | : | C.A. No. 21-1415-MN |
| EHT US1, Inc., *et al.* and BANK OF AMERICA, N.A., | : | Bankr. BAP No. 21-70 |
| Appellees. | : | |
| _____ | : | |

## **RECOMMENDATION**

At Wilmington this **3rd day** of **November, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

In these three Appeals, the parties, that is, the Appellees, the Debtors and Bank of America, N.A., in its capacity as Administrative Agent (the "Prepetition Agent") under a certain Credit Agreement dated as of May 19, 2019, request all three matters be withdrawn from mandatory mediation. This court will address the bases for the parties' request in each of the Appeals herein.

With respect to 21-1413 MN, on September 14, 2021, Howard Wu filed a letter, found in the Bankruptcy docket at 1163, requesting an extension of time to respond to the *Debtors' Third Omnibus Objection (Substantive) to Proofs of Claims filed by Master Lessees Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007* (the "Objection"). On the same date, a letter by Luc A. Despins, on behalf of the Debtors

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

filed a response. On September 17, 2021, the Bankruptcy Court entered an Order Denying Extension of Time Requested. Appellants, Howard Wu, et al., noticed an appeal of the Denial Order on October 1, 2021.

As to 21-1414 MN, on August 21, 2021, EHT US1, Inc. and its affiliated debtors (the"Debtors") filed *Debtors' Third Omnibus Objection (Substantive) to Proofs of Claims filed by Master Lessees Pursuant to Bankruptcy Code Section 502* and *Bankruptcy Rule 3007*. On September 18, 2021, the Bankruptcy Court entered an *Order Granting Debtors' Third Omnibus Objection (Substantive) to Proofs of Claims filed by Master Lessees pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007* (the Third Omnibus Order). Appellants, Howard Wu et al. noticed an appeal of the Third Omnibus Order on October 1, 2021.

Regarding 21-1415 MN, on August 31, 2021, Bank of America, N.A. filed its *Omnibus Objection (Substantive) to Master Lessee Claims and Joinder to Debtors' Third Omnibus Objection (Substantive) to Proofs of Claims filed by Master Lessees Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007*, referred to as the "BoA Order". Appellants, Howard Wu, et al. noticed an appeal of the BoA Order on October 4, 2021.

The parties advised that there is a fourth pending appeal in these matters, specifically 21-1467 MN, which Appellants will seek to consolidate with these aforementioned three Appeals. Although Appellees agree to the consolidation of the three Appeals, that is, 21-1413, 21-1414 and 21-1415, all assigned to Judge Noreika, they do not agree to the consolidation of the fourth appeal, because the Debtors filed a

motion to dismiss this fourth appeal based on untimely filing.  On October 29, 2021, the Bankruptcy Court denied Appellants' motion to extend the deadline to file a late appeal.  That motion to dismiss is pending decision in this Court.

Counsel for the Debtors, the Prepetition Agent and Appellants conferred regarding mediation in the three present appeals.  Appellees believe that mandatory mediation would not be productive nor lead to resolution because the nature of the issues involved do not lend themselves to mediation or settlement.  They, therefore, request, that this Court excuse these appeals from mediation.  Appellants' preference is to proceed with mediation in this Court for a possible global resolution of the issues between the parties.

As noted previously herein, the parties do agree that consolidation is appropriate for both procedural purposes and to submit consolidated briefs on appeal.  Should the consolidation motion be granted, the parties propose to submit consolidated briefs according to the following schedule:

| | |
|---|---|
| Appellants' single consolidate opening brief | **December 9, 2021** |
| Appellees shall each file a single consolidated answering brief | **No later than the the first business day that is 45 days after Appellants filed their opening brief** |
| Appellants shall file a single consolidate reply brief | **No later than the the first business day that is 21 days after Appellees file their answering brief** |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  No Objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 are anticipated since it is consistent with the parties' requests.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge